**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | | |
|---|---|---|
| **DONNA JONES AND WILLIAM JONES, INDIVIDUALLY AND ON BEHALF OF MINOR CHILD D.D.** | * * * | **CIVIL ACTION NO.: _______________** |
| | * | **JUDGE: ___________________________** |
| **VERSUS** | * * | |
| **SHERIFF MIKE TUBBS, WARDEN ISAAC BROWN, LIEUTENANT MICHAEL HIGGINBOTHAM, AND DR. JAMES M. SMITH, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES.** | * * * * * * | **MAG. JUDGE: _____________________** |

*** * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * ***

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, come Plaintiffs, Donna Jones ("Mrs. Jones") and William Jones ("Mr. Jones"), individually and on behalf of minor child "D.D." Mr. and Mrs. Jones ("Plaintiffs") are persons of the full age of majority and domiciled in the Parish of Morehouse, State of Louisiana, and hereby file this Complaint for claims resulting from the death of D.D.'s father, Robert Dunham, for which Defendants are liable.

1.

**Made Defendants are:**

A. SHERIFF MIKE TUBBS, in both his individual and official capacity, who at all times relevant to this action, was an employee of the Parish of Morehouse and the Duly-Elected Sheriff for the Morehouse Parish Sheriff's Office, the policy maker for the Sheriff's Department. He is alleged to have been acting, at all times relevant to this matter, in his individual capacity and under color of state law within the meaning of 42

U.S.C. § 1983, and he is an adult citizen of the State of Louisiana who is domiciled in this judicial district;

B. WARDEN ISAAC BROWN, in both his individual and official capacity, who at all times relevant to this action, was an employee of the Parish of Morehouse. He is alleged to have been acting, at all times relevant to this case, in his individual capacity and under color of state law within the meaning of 42 U.S.C. § 1983, and he is an adult citizen of the State of Louisiana who is domiciled in this judicial district;

C. LIEUTENANT MICHAEL HIGGINBOTHAM, in both his individual and official capacity, who at all times relevant to this action, was an employee of the Parish of Morehouse. He is alleged to have been acting, at all times relevant to this case, in his individual capacity and under color of state law within the meaning of 42 U.S.C. § 1983, and he is an adult citizen of the State of Louisiana domiciled in this judicial district; and

D. DR. JAMES M. SMITH, in both his individual and official capacity as medical director, who at all times relevant to this action, was an employee or agent of the Parish of Morehouse. He is alleged to have been acting, at all times relevant to this case, in his individual capacity and under color of state law within the meaning of 42 U.S.C. § 1983, and he is an adult citizen of the State of Louisiana domiciled in this judicial district.

**JURISDICTION AND VENUE**

2.

This action is brought pursuant to 42 USC §§ 1983 and 1988. Jurisdiction is founded on 28 USC §§ 1331 and 1343, and the Fourth and Fourteenth Amendments to the Constitution of the

United States. Plaintiffs also invoke supplemental jurisdiction over claims under the State of Louisiana's constitutional and statutory law.

3.

Venue is founded in this judicial district pursuant to 28 U.S.C. § 1391 because the events or omissions giving rise to Plaintiffs' Complaint occurred in this judicial district.

## ROBERT DUNHAM'S DEATH

4.

On or about December 29, 2020, Robert Dunham ("Decedent"), father of "D.D." and son of Plaintiffs Donna and William Jones, was pronounced dead, through no fault or negligence of his own, after Defendants failed to provide medical treatment to Mr. Dunham following head injuries he sustained on December 24, 2020. At the time he was injured, Mr. Dunham was being held in the custody of the Morehouse Parish Sheriff's Office ("MPSO") in Morehouse Parish Jail (the "Jail"), yet Decedent received no remedial treatment measures despite having sustained serious injuries that would clearly become life threatening if left untreated.

5.

Upon information and belief, on December 24, 2020, while in custody at the Morehouse Parish Jail, Decedent Mr. Dunham was attacked by two fellow inmates. The two inmates struck Mr. Dunham in the head from behind, causing him to fall forward and hit his face on the concrete floor. He was left unconscious for an unknown amount of time and provided no medical treatment by any employee or deputy of the MPSO or the Jail.

6.

When Mr. Dunham finally regained consciousness, he could not remember his name and was exhibiting erratic behavior, consistent with symptoms of a severe traumatic brain injury.

However, instead of sending Mr. Dunham for immediate medical evaluation and treatment, upon information and belief, Defendants simply left Mr. Dunham in a holding cell with no medical attention for the next two days.

7.

Upon information and belief, after two days in the holding cell, Mr. Dunham was noted to be unresponsive, and was therefore airlifted to Ochsner LSU Health Hospital in Shreveport, Louisiana, where he was immediately intubated and subsequently pronounced brain dead.

8.

On or around December 27, 2020, Decedent's mother, Plaintiff Donna Jones, was told by his treating neurologist that he was in a permanent vegetative state and that he would never emerge from a comatose state. Mr. Dunham then died on December 29, 2020, from severe brain swelling that led to an aneurysm and massive brain bleed.

9.

Decedent's treating neurologist informed Mr. Dunham's family that Decedent could have been saved had he been given medical care at the time or soon after he was injured.

**BY FAILING TO PROVIDE DECEDENT WITH MEDICAL CARE, DEFENDANTS VIOLATED HIS CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. § 1983 AND THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION**

10.

Pursuant to 42 U.S.C. § 1983, Plaintiffs have a remedy for damages against Defendants for the violations of Decedent's civil rights. Defendants are employees or agents of the Morehouse Parish Sheriff's Office, Parish of Morehouse, and/or Morehouse Parish Jail.

11.

Defendants are liable to Plaintiffs pursuant to 42 U.S.C. § 1983 and seek relief for the alleged constitutional violations that occurred leading up to Decedent's death and caused Plaintiffs' damages.

12.

Plaintiffs assert that in failing to protect Decedent from the violent attack by other inmates, and in failing to provide any medical care to Decedent after he sustained serious injuries in the attack, Defendants violated Decedent's constitutional rights in violation of the Eighth and Fourteenth Amendments.

13.

The Eighth Amendment of the United States Constitution, incorporated against the states via the Due Process Clause of the Fourteenth Amendment, protects persons from cruel and unusual punishment.

14.

Defendants' conduct and inaction violated Decedent's right to be free from cruel and unusual punishment because Defendants failed to protect him from violence at the hands of other inmates and failed to respond quickly enough to prevent the violent acts from causing serious injuries to Decedent.

15.

Furthermore, Defendants' conduct and inaction also violated Decedent's right to be free from cruel and unusual punishment because the Jail's staff failed to provide reasonable medical

care to treat Decedent's clearly serious injuries, and upon information and belief, such reasonable medical treatment would have prevented Decedent's death.

## DEFENDANTS ACTED WITH DELIBERATE INDIFFERENCE TOWARD DECEDENT IN VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENTS

16.

By failing to provide Decedent with any medical care for days, despite the clear symptoms of severe injuries that Decedent displayed, and despite him being found unresponsive, Defendants acted with deliberate indifference to Decedent's safety, well-being, and dire medical needs. Upon information and belief, Defendants' acts and omissions were sufficiently harmful to lead to Decedent's death, even though his death could have been prevented with reasonable medical care.

17.

Moreover, the conduct of Defendant Sheriff Mike Tubbs, in this official capacity:

a. Established or condoned customs, policies and/or practices pursuant to which individual officers violated Decedent's well-established Constitutional rights;

b. Failed to properly train, discipline and/or supervise Officers, Agents, or their supervisors such that they violated Decedent's well-established Constitutional rights;

c. Denied Decedent's fair treatment while he was in MPSO custody; and

d. Ratified, condoned and/or permitted the conduct of individual officers.

## DEFENDANTS ARE LIABLE TO PLAINTIFFS PURSUANT TO SUPPLEMENTAL STATE LAW TORT CLAIMS, INCLUDING NEGLIGENT FAILURE TO PROVIDE MEDICAL CARE TO DECEDENT

18.

Defendants are also liable to Plaintiffs based on Louisiana state law for their negligent failure to provide Mr. Dunham with medical care while Decedent was in their custody. Such failure constituted a breach of Defendants' duty of care and was in violation of Defendants' duties to protect Decedent from injury and death while in Defendants' custody.

19.

Defendants are liable for survival-action damages pursuant to Louisiana Civil Code article 2315.1 for the following that Decedent Mr. Dunham suffered:

1. Severe physical pain and suffering from the time he sustained trauma to his head to the time of his death;

2. Mental anguish and distress from the time he sustained trauma to his head to the time of his death;

3. Loss of earning capacity;

4. Fear, anxiety, humiliation, shame, and emotional distress;

5. Funeral and burial expenses; and

6. Any such further damages that may come to light through discovery in this matter.

20.

In addition, Defendants are also liable for wrongful-death damages pursuant to Louisiana Civil Code article 2315.2, for the following damages that the minor child D.D. has suffered and will continue to suffer:

1. Loss of his father's love, affection and society;

2. Loss of parental guidance and nurture;

3. Loss of support and income;

4. Mental, psychological, and emotional pain and suffering;

5. Loss of enjoyment of life;

6. Mental anguish and grief; and

7. Any further damages that come to light during discovery in this matter.

21.

Furthermore, Defendants are also liable to Plaintiffs Donna and William Jones for damages pursuant to Louisiana Civil Code article 2315, which they suffered and will continue to suffer as a result of the treatment and untimely death of Decedent, their son, caused by Defendants. Those damages include but are not limited to:

1. Loss of his love, affection and society;
2. Loss of parental guidance and nurture;
3. Loss of support and income;
4. Mental, psychological, and emotional pain and suffering;
5. Loss of enjoyment of life;
6. Mental anguish and grief; and
7. Any further damages that come to light during discovery in this matter.

22.

When he died, Decedent Mr. Dunham left one child, the minor child D.D. The minor child D.D. is therefore the proper party to bring survival-action claims under Civil Code article 2315.1 and wrongful-death claims under Civil Code article 2315.2. Furthermore, Plaintiffs Donna and William Jones are the proper parties to bring this lawsuit on D.D.'s behalf because Plaintiffs were granted permanent custody and control of the minor child D.D. by a Louisiana court.

23.

Upon information and belief, at the time of the events at issue in this lawsuit, Defendant Lieutenant Michael Higginbotham was an employee of the MPSO. Upon further information and belief, at the time of the events at issue in this lawsuit, Defendant Higginbotham was acting within the course and scope of his employment with the MPSO and in accordance with the customs,

policies, and practices Defendant Sheriff Tubbs ratified, condoned, permitted, or acquiesced in when he and/or his fellow officers failed to prevent the attack on Decedent and failed to provide prompt and adequate medical attention, as well as committing other grossly negligent acts and omissions, ultimately resulting in Decedent's death. On information and belief, said customs, policies, and practices that lead to Decedent's death were also condoned, permitted, or acquiesced by Defendant Warden Isaac Brown. On information and belief, said customs, policies, and practices that lead to Decedent's death were also condoned, permitted, or acquiesced by Defendant Dr. James M. Smith.

24.

Defendant Sheriff Tubbs, in his official capacity, acted with deliberate indifference to Decedent's constitutional rights of Decedent and similar situated individuals through established customs or policies, and is therefore liable to Plaintiffs under the doctrine of *respondeat superior* and Louisiana Civil Code article 2320, *et seq.*, for the negligence and other fault of its employees, including Defendant Higginbotham, jointly, severally, and *in solido*.

25.

Defendant Warden Isaac Brown, in his official capacity, acted with deliberate indifference to Decedent's constitutional rights of Decedent and similar situated individuals through established customs or policies, and is therefore liable to Plaintiffs under the doctrine of *respondeat superior* and Louisiana Civil Code article 2320, *et seq.*, for the negligence and other fault of its employees, including Defendant Higginbotham, jointly, severally, and *in solido*.

26.

Defendant Dr. James M. Smith, in his official capacity, acted with deliberate indifference to Decedent's constitutional rights of Decedent and similar situated individuals through established

customs or policies, and is therefore liable to Plaintiffs under the doctrine of *respondeat superior* and Louisiana Civil Code article 2320, *et seq.*, for the negligence and other fault of his employees.

27.

Defendant Sheriff Tubbs, in his official and individual capacities, is also independently liable to Plaintiffs jointly, severally, and *in solido*, for Decedent's injuries and Plaintiffs' damages due to Defendant Sheriff's own negligent acts and/or omissions, which consist more particularly of the following:

a) Negligent hiring;

b) Failure to properly or adequately supervise employees;

c) Failure to properly or adequately train employees;

d) Failing to intervene when he knew of the failure to provide proper medical treatment;

e) Condoning and actively encouraging the use of processes that failed to properly monitor, evaluate and determine the need to provide proper medical treatment, and

f) And any other acts and omissions in contravention of the exercise of due care, prudence, and the laws of Louisiana that may come to light through discovery in this matter.

28.

Defendant Warden Isaac Brown, in his official and individual capacities, is also independently liable to Plaintiffs jointly, severally, and *in solido*, for Decedent's injuries and Plaintiffs' damages due to Defendant Warden's own negligent acts and/or omissions, which consist more particularly of the following:

a) Negligent hiring;

b) Failure to properly or adequately supervise employees;

c) Failure to properly or adequately train employees;

d) Failing to intervene when he knew of the failure to provide proper medical treatment;

e) Condoning and actively encouraging the use of processes that failed to properly monitor, evaluate and determine the need to provide proper medical treatment, and

f) And any other acts and omissions in contravention of the exercise of due care, prudence, and the laws of Louisiana that may come to light through discovery in this matter.

29.

Defendant Dr. James M. Smith, in his official and individual capacities, is also independently liable to Plaintiffs jointly, severally, and *in solido*, for Decedent's injuries and death, and Plaintiffs' damages due to Defendant Smith's own negligent acts and/or omissions, which consist more particularly of the following:

a) Negligent hiring;

b) Failure to properly or adequately supervise employees;

c) Failure to properly or adequately train employees;

d) Failing to intervene when he knew of the failure to provide proper medical treatment;

e) Condoning and actively encouraging the use of processes that failed to properly monitor, evaluate and determine the need to provide proper medical treatment, and

f) And any other acts and omissions in contravention of the exercise of due care, prudence, and the laws of Louisiana that may come to light through discovery in this matter.

30.

On information and belief, Defendants Sheriff Tubbs, Warden Isaac Brown, Higginbotham, and Dr. James M. Smith are also liable individually for punitive damages under § 1983 because their respective acts and omissions were motivated by evil motives or intent and/or their conduct involved reckless or callous indifference to the federally protected rights of Decedent and others.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that a copy of this Complaint be served on Defendants, that they be cited to appear and answer same, and that, in due course, there be judgment rendered against them in favor of Plaintiffs, in an amount to be determined by the trier of fact which will fully compensate Plaintiffs for all damages suffered by them, including but not limited to punitive damages, attorney fees, any expert fees, and legal interest from date of judicial demand and all costs of these proceedings.

Respectfully Submitted,
**EGENBERG, APLC**

*/s/ Bradley Egenberg*
BRADLEY EGENBERG (#29848)
BEN BERMAN (#36798)
AARON J. HURD (#34601)
EMILY PADGETT (#38650)
650 Poydras Street, Suite 2000
New Orleans, LA 70130
Telephone: (504) 229-5700
Facsimile: (504) 617-7911
Email: sheri.stropolo@egenberg.com
*Attorneys for Plaintiffs*

**PLEASE SERVE**:

Sheriff Mike Tubbs
351 South Franklin St.
Bastrop, LA 71220

Warden Isaac Brown
6444 Patey Rd.
Collinston, LA 71229

Lieutenant Michael Higginbotham
Morehouse Parish Jail
250 E Walnut Ave.
Bastrop, LA 71220

Dr. James M. Smith
6444 Patey Road
Collinston, LA 71229

Attorney General Jeff Landry
Louisiana Department of Justice
1885 N. Third Street
Baton Rouge, LA 70802

Melissa Harris, Director
Office of Risk Management
1201 North Third Street, Suite G-192
Baton Rouge, LA 70802